IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAN SCHMIDT
 a/k/a DANIEL KEVIN SCHMIDT,
    Petitioner,

v.                                              Case No. 5:08cv146/RH/MD

WALTER A. MCNEIL,
    Respondent.
_____

### ORDER, REPORT AND RECOMMENDATION

Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a prison disciplinary conviction he received at Liberty Correctional Institution. (Doc. 1). As a result of the conviction, petitioner lost 60 days of gain time. Respondent filed a response asserting a procedural default defense. (Doc. 6). On January 21, 2010, the undesigned issued a Report and Recommendation recommending that respondent's procedural default defense be rejected, and that he be required to file an answer addressing the merits of petitioner's claim. (Doc. 23). Before the Report and Recommendation was adopted, respondent filed a motion to dismiss the petition as moot, claiming that petitioner has been released from incarceration. (Doc. 24). On February 17, 2010, the court issued an order requiring petitioner to respond to the motion within twenty-eight days. (Doc. 26). To date, no response has been filed. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is moot.

## BACKGROUND AND PROCEDURAL HISTORY

On May 5, 2000, while in the custody of the Florida Department of Corrections serving a 25-year sentence for strong arm robbery entered on February 22, 1995, petitioner received a disciplinary conviction for lying to staff. (Doc. 1; Doc. 6, Attach. 5, Ex. D, p. 28). As a result of the conviction petitioner lost 60 days of gain time. (*Id.*). After making his way through the administrative and state judicial processes, petitioner filed the instant federal habeas petition on May 4, 2008. (Doc. 1). His petition presents one ground for relief – that his disciplinary conviction violated due process and the requirements of *Superintendent, Massachusetts Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). (Doc. 1, p. 4). As relief, petitioner requests the following: "conditionally issue writ to discharge petitioner from custody immediately unless all gain time (60 days) is restored and applied (25 days), and such and further relief court deems law and justice requires." (*Id.*, p. 5).

Respondent's motion to dismiss contends that on February 3, 2010, petitioner was released from incarceration to Conditional Release supervision upon reaching his "tentative release date" ("TRD"). (Doc. 24, p. 2 and Ex. 1). The Conditional Release Program Act, Fla. Stat. § 947.1405, provides in pertinent part that:

> **(2) Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is or was contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084, shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions.**

*See* Fla. Stat. § 947.1405(2). Pursuant to Sections 944.275(3)(a), 947.005(6), Florida Statutes, the "tentative release date" means the date projected for the prisoner's release from custody by virtue of gain time granted or forfeited, as determined by the

*Case No: 5:08cv146/RH/MD*

Department of Corrections. According to respondent, the instant petition, which seeks the return of gain time for purposes of reducing petitioner's period of incarceration, is moot in light of his release from incarceration.

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Petitioner's ultimate objective in bringing this habeas action was restoration of the gain time he lost as a result of the disciplinary conviction, which would have shortened his period of incarceration by 60 days. Since petitioner has been released from incarceration, the undersigned finds that there is no longer a case or controversy to litigate. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (habeas corpus challenge to parole revocation was mooted by release as there was no continuing controversy); *Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences); *Chandler v. McNeil*, No. 3:07cv529/RV/EMT, 2008 WL 3852328 (N.D. Fla. Aug. 18, 2008) (habeas challenge to disciplinary conviction resulting in loss of gain time and placement in disciplinary confinement was rendered moot by prisoner's release from incarceration); *Humphries v. Rivera*, No. 4:05cv466/RH/WCS, 2007 WL 1228512, at *1 (N.D. Fla. Apr. 24, 2007) (same). A favorable decision on the merits would not entitle petitioner to any additional relief, and therefore he no longer has a "personal stake in the outcome." Accordingly, this habeas action is moot, and the motion to dismiss should be granted.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Report and Recommendation dated January 21, 2010 (doc. 23), is hereby VACATED.

And it is respectfully RECOMMENDED:

1. That Respondent's motion to dismiss (doc. 24) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) be DISMISSED without prejudice as moot.

3. That the Clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of April, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Case No: 5:08cv146/RH/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**